IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 11, 2013 Session

## STATE OF TENNESSEE, EX REL., VALERIE ARLENE LAW v. MICHAEL LEE FERRELL

**Direct Appeal from the Juvenile Court for Sumner County**
**No. 2011-JV-719     Barry Brown, Judge**

---

**No. M2012-01749-COA-R3-JV - Filed August 20, 2013**

---

This case involves an award of retroactive child support. Approximately seventeen years after the child's birth, the Tennessee Department of Human Services, acting on behalf of the child's Mother, filed a petition in the Sumner County Juvenile Court seeking to establish paternity and to obtain past and future child support from the Father. Genetic testing confirmed that Father was the child's biological father. Thereafter, the juvenile court entered an order establishing paternity and ordering Father to pay $574.00 per month in child support. The juvenile court also awarded Mother seven years of retroactive child support totaling $48,216.00. On appeal, both Mother and Father take issue with the amount of the award of retroactive child support. Upon thorough examination, we conclude that the record does not support the amount of the award of retroactive child support. Accordingly, we vacate and remand the case to the juvenile court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Patti B. Garner, Gallatin, Tennessee, for the appellant, Valerie Arlene Law.

John R. Phillips, Jr., Gallatin, Tennessee, and Jerry V. Smith, Dickson, Tennessee, for the appellee, Michael Lee Ferrell.

## MEMORANDUM OPINION[1]

### *Background*

Valerie Arlene Law ("Mother") and Michael Lee Ferrell ("Father") began a relationship in 1990. Father resided with Mother in her home throughout the relationship, however, the parties never married. A few years into their relationship, Mother became pregnant, and on April 21, 1994, she gave birth to a child. Father attended the baby shower and was with Mother at the hospital on the day of the child's birth. Despite being with Mother at the hospital on the day of the child's birth, Father's name was not included on the child's birth certificate.

Following the birth of the child, Father continued living with Mother. According to Father, however, Mother would not let him take part in caring for the child. Father further testified that Mother told him and his mother that he was not the child's father. Approximately two years later, in March 1996, Mother and Father's relationship ended, and Father moved out of Mother's home. Despite ending their relationship, Father continued to visit Mother at her home on multiple occasions. In May 1996, Father obtained a life insurance policy designating Mother and the child as beneficiaries. In the section of the application for the policy regarding his beneficiary designations, Father listed his relationship to the child as "natural son." Subsequently, according to Father, in December 1996, Mother called and left him a message on his answering machine telling him that he was not the child's father. From that point on, Father stated that his doubts about the child were confirmed and he no longer believed that he was the child's father. Mother denied leaving the message and further denied ever telling Father that he was not the child's father.

On September 2, 2011, the Tennessee Department of Human Services, acting on behalf of Mother, filed a petition to establish paternity alleging that Father was the biological father of the child and further sought an award of current and retroactive child support. After DNA tests confirmed paternity, Father admitted that he was the child's biological father. Thereafter, on December 19, 2011, the trial court entered an agreed order of paternity and support which granted Father reasonable visitation with the child and established Father's initial child support obligation at $330.00 per month effective January 1, 2012.

---

[1]Rule 10 of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On May 1, 2012, after conducting a hearing, the trial court issued a memorandum detailing its findings in this matter. The trial court's memorandum provides as follows:

> This case came to be heard on 4-16-2012 in which the State of Tennessee and Petitioner are asking for back child support.
>
> The facts of the case are:
>
> The child was born on April 21, 1994, is now 18 years of age and will graduate in May of 2013[.]
>
> The parties lived together September of 1990 through March of 1996. The State and Petitioner are asking for child support in the amount of $148,000.
>
> Petitioner, Valerie Law, testified that Respondent, Michael Ferrell, never wanted to be a father, he had another child who was 18 years of age and did not want another child to raise[.]
>
> She testified that the Respondent did attend the baby shower and was present for the birth of the child[.]
>
> It was quite obvious, through the testimony of the Petitioner that she has animosity for the Respondent and she was upset with him before the birth, at the birth and since the birth of the child[.]
>
> She told the nurse at the time of the birth while Respondent was in the room that that [sic] the father of the child was unknown[.]
>
> She testified that the only reason she is bring [sic] action now is that the child needs financial aide [sic] to go to college. She testified that when the child was around two years of age that during a conversation with the Respondent she told him not to worry about the child because he legally belongs to someone else[.]
>
> Respondent testified that Plaintiff did not allow him to interact with the child such as when the child began to walk she would not allow him to hold the child's hand and would not allow him to participate in pre-school activities[.]
>
> Respondent testified that because of these actions he started to doubt whether he was the father of the child[.]

Conclusion:

The Court puts the responsibility and blame on both parties in this case[.]

The Petitioner obviously did not want the Respondent to participate in the child's life[.]

After the child was two years of age there were no actions file [sic] in this matter until a few months before his 18th birthday in which the Plaintiff asked for child support[.]

Both parties always knew the location/residence of each other[.]

Petitioner's actions were enough to put some doubt in the Respondent's mind that he might not be the father[.]

That being said, Respondent lived with Petitioner for five or six years and there was no testimony that she saw anyone else or had a relationship with anyone else during that time[.]

The Respondent attended baby showers, was present for the birth of the child and the Petitioner and Respondent lived together for 2 years after the birth of the child[.]

The fact is that the Petitioner waited almost 16 years to bring an action for back child support and should or could have brought an action many years prior to this action[.]

Also, Respondent had to realize that he was or could have been the father and he also should have brought this action many years ago[.]

There has been no proof of income of the parties except for the period of the last two years[.]

There has been no proof of any income of the parties from the time they separated when the child was two until the child is almost 18[.]

Both are negligent for waiting so long for this action to be initiated[.]

There has been no proof that Respondent has the ability to pay $148,000[.]

-4-

The Respondent started to pay $330 per month in January of 2012[.]

Court finds it is unjust, inequitable to order retro active [sic] child support from the birth of the child[.]

The Court deviates from the DA's request and the application of the guidelines is rebutted[.]

The Court, as stated above, finds that both parties are at fault and it is inequitable to go back to the birth of the child[.]

Child support should be $574 per month based on the income of both parties during the last two years[.]

The Court orders child support to be $574 from January 1, 2012, not the $330 the Respondent has been paying[.]

The Court orders a judgment to the Petitioner in the amount of $48,216 being, seven years of back child support at $574 per month[.]

The Court will allow the Respondent to pay monthly at $574 per month beginning when child graduates from high school but he may pay sooner if he so desires[.]

That is the Order of the Court[.][2]

Thereafter, on July 19, 2012, the trial court entered its final order in which it designated the memorandum as its findings of fact and conclusions of law. Mother timely filed a notice of appeal to this Court.

### *Issue Presented*

On appeal, Mother argues that the trial court erred in declining to award her child support retroactively to the date of the child's birth. On the other hand, Father argues that the trial court erred by awarding Mother seven years of retroactive child support. Instead, Father asks this Court to vacate the trial court's award of $48,216.00, and award Mother

---

[2]Notably absent from the trial court's findings is the fact that Father obtained a life insurance policy months after he and Mother separated, designating Mother and the child as beneficiaries. As noted, Father listed his relationship to the child as "natural son" on the application.

child support retroactively to the date of the filing of the petition to establish paternity.

***Discussion***

As this Court recently explained in *Burnine v. Dauterive*, No. W2010-02611-COA-R3-JV, 2011 WL 3115967 (Tenn. Ct. App. July 27, 2011):

> "In this state, it is a well-settled principle that biological parents must, as a general rule, support their children until they reach the age of majority." *K.A.G. v. B.L.I.*, No. M2008-02484-COA-R3-JV, 2009 WL 4175861, at *3 (Tenn. Ct. App. E.S. Nov. 25, 2009) (citing Tenn. Code Ann. § 34–1–102(a), (b) (2001); *Smith v. Gore*, 728 S.W.2d 738, 750 (Tenn. 1987)). A parent's obligation to support exists regardless of whether there is a court order and regardless of whether the parents were ever married. *Id.* "When paternity of a child born out of wedlock is established, the trial court is required to address not only the child's need for future support, but also the father's obligation to pay past support." *Id.* (quoting *State ex rel. Hayes v. Carter*, W2005-02136-COA-R3-JV, 2006 WL 2002577 at *2 (Tenn. Ct. App. July 6, 2006)). "The trial court's decision regarding whether to award retroactive child support is reviewed under an abuse of discretion standard." *State ex rel. Kennamore v. Thompson*, No. W2009-00034-COA-R3-JV, 2009 WL 2632759, at *2 (Tenn. Ct. App. Aug. 27, 2009) (citing *State ex rel Coleman v. Clay*, 805 S.W.2d 752, 755 (Tenn. 1991)). However, the trial court must exercise its discretion within the strictures of the Child Support Guidelines and the applicable statutes. *Berryhill v. Rhodes*, 21 S.W.3d 188, 193 (Tenn. 2000). A trial court abuses its discretion when it applies an incorrect legal standard or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining. *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 551 (Tenn. 2006) (citing *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)).
>
> The Guidelines provide a presumption that child support will be awarded retroactively to the date of the child's birth in paternity cases. Tenn. Comp. R. & Regs. 1240–2–4–.06(1)(a). However, "[o]ur legislature has recognized that under certain circumstances it would be inequitable to order a father to pay child support retroactive to the child's birth." *Taylor v. Robinson*, No. M2006-00109-COA-R3-JV, 2007 WL 1628862, at *5 (Tenn. Ct. App. Jun. 5, 2007). Accordingly, Tennessee Code Annotated section 36–2–311(a)(11)(A) provides, in relevant part, that when making an award of retroactive child support,

. . . the court shall consider the following factors as a basis for deviation from the presumption in the child support guidelines that child and medical support for the benefit of the child shall be awarded retroactively to the date of the child's birth:

(i) The extent to which the father did not know, and could not have known, of the existence of the child, the birth of the child, his possible parentage of the child or the location of the child;

(ii) The extent to which the mother intentionally, and without good cause, failed or refused to notify the father of the existence of the child, the birth of the child, the father's possible parentage of the child or the location of the child; and

(iii) The attempts, if any, by the child's mother or caretaker to notify the father of the mother's pregnancy, or the existence of the child, the father's possible parentage or the location of the child[.]

In addition, when considering the issue of retroactive child support, "the court may consider 'the equity between the parties.'" *In re T.K.Y.*, 205 S.W.3d 343, 355 (Tenn. 2006) (quoting Tenn. Code Ann. § 36–5–101(e)(1)(A)). "In cases in which the presumption of the application of the guidelines is rebutted by clear and convincing evidence, the court shall deviate from the child support guidelines to reduce, in whole or in part, any retroactive support." Tenn. Code Ann. § 36–2–311(a)(11)(B). In such cases, the court must make a written finding "that application of the guidelines would be unjust or inappropriate in order to provide for the best interests of the child or the equity between the parties." *Id.*

*Id.* at * 4-5.

Although the trial court found that an award of child support retroactively to the date of the child's birth would be unjust and inequitable, and that the presumption of the application of the Guidelines had been rebutted, it failed to provide the requisite findings to support its conclusion. If the trial court deviates from the Guidelines, the statutes and regulations mandate that the trial court's decision must be supported by written findings in the order explaining the reasons for the deviation. *See State ex rel. Kennamore v. Thompson,* No. W2009-00034-COA-R3-JV, 2009 WL 2632759, at *2 (Tenn. Ct. App. Aug. 27, 2009) (citing Tenn. Code Ann. §§ 36-2-311(a)(11)(B), 36-5-101(e)(1)(A); Tenn. Comp. R. & Regs. 1240-2-4-.06(2),-.07(1) (2008)) (footnotes omitted). Pursuant to Tennessee Code Annotated

section 36-2-311(a)(11)(F):

> In making any deviations from awarding retroactive support, the court shall make written findings of fact and conclusions of law to support the basis for the deviation, and shall include in the order the total amount of retroactive support that would have been paid retroactively to the birth of the child, had a deviation not been made by the court.

Tenn. Code Ann. § 36-2-311(a)(11)(F). Also, "[f]indings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines." Tenn. Code Ann. § 36-5-101(e)(1)(A). The regulations further provide that:

> Deviations from the presumption that a judgment for retroactive support shall be awarded back to the date of birth of the child, the date of the separation of the parties, or the date of abandonment of the child shall be supported by written findings in the tribunal's order that include:
>
> (a) The reasons the tribunal, pursuant to Tennessee Code Annotated §§ 36-2-311(a)(11)(A) or 36-5-101(e)(1)(C), deviated from the presumptive amount of child support that would have been paid pursuant to the Guidelines; and
>
> (b) The amount of child support that would have been required under the Guidelines if the presumptive amount had not been rebutted; and
>
> (c) A written finding by the tribunal that states how, in its determination,
>
> 1. Application of the Guidelines would be unjust or inappropriate in the particular case before the tribunal; and
>
> 2. The best interests of the child or children who are subject to the support award determination are served by deviation from the presumptive guideline amount.

Tenn. Comp. R. & Regs. 1240-2-4-.06(2). While "[t]he amount or method of such deviation is within the discretion of the tribunal," the trial court "must state in its order the basis for the deviation and the amount the child support order would have been without the deviation. In deviating from the Guidelines, primary consideration must be given to the best interest of the child for whom support under these Guidelines is being determined." Tenn Comp. R. &

Regs. 1240-2-4-.07(1)(b).

In this case, the trial court refused to award retroactive child support to the date of the child's birth. Instead, the trial court awarded Mother seven years of retroactive child support, at a monthly rate of $574.00, for a total amount of $48,216.00. Presumably, based on the trial court's finding that both parties were "negligent for waiting so long for this action to be initiated," the trial court chose seven years as somewhat of a compromise given that the parties separated roughly fifteen years before this action was commenced. Unfortunately, the trial court failed to explain how the amounts were determined, and we are unable to discern from the record the origin of these figures. Moreover, the trial court's order fails to provide any method of calculation as to how it reached the stated amounts. In the absence of evidence or the requisite findings to support a deviation from the Guidelines, we are unable to evaluate the propriety of the trial court's decision. Under these circumstances, we must vacate the trial court's award and remand to the trial court to make sufficient findings of fact and conclusions of law. On remand, the trial court is directed to either apply the Guidelines and award support retroactively to the date of the child's birth, or make sufficient findings to support a deviation from the Guidelines in accordance with the applicable statutes and regulations.

### *Conclusion*

For the foregoing reasons, we vacate the trial court's award of retroactive child support and remand the case for further proceedings consistent with this Opinion. Costs of this appeal are taxed to the Appellee, Michael Lee Ferrell, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE